UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEIDRE B. JOHNSON,

    Defendant.
_____/

Case No. 18-cv-10949
Hon. Matthew F. Leitman

## **ORDER (1) DENYING PLAINTIFF'S MOTION FOR VERIFICATION FOR ALTERNATE SERVICE (ECF #3) AND (2) EXTENDING SUMMONS**

On March 23, 2018, the United States of America ("Plaintiff") filed this action against Defendant Deidre B. Johnson for failure to make payments on a student debt. (*See* Compl., ECF #1.) On that same day, the Court issued a Summons for Defendant. (*See* Summons, ECF #2.) On May 24, 2018, Plaintiff filed an ex parte motion with an attached affidavit from a process server asking that the Court order alternative service of Defendant. (*See* Mot., ECF #3.) In the affidavit attached to the motion, the process server explains that he has unsuccessfully attempted to personally serve Defendant at her last known address on four different occasions. (*See id.*)

Federal Rule of Civil Procedure 4(e)(1) states that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where

1

the district court is located or where service is made." Michigan Court Rule 2.105 governs service of process in the State of Michigan and it states in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A)(1)-(2). "On a showing that service of process cannot reasonably be made as provided by this rule, [a] court may by order permit service of process to be made in any other manner reasonably calculated to give [a] defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1). "A request for an order under [MCR 2.105(I)] must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs." MCR 2.105(I)(2).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

The Court is not yet persuaded that service under MCR 2.105(A)(1)-(2) cannot reasonably be made so that substituted service is required. While Plaintiff details reasonably diligent efforts to personally serve Defendant, Plaintiff apparently has not attempted to serve Defendant through certified mail using the process detailed in MCR 2.105(A)(2) ("subsection 2"). Nor has Plaintiff explained why service under subsection 2 is not possible. In light of the fact that Plaintiff has not attempted to serve Defendant pursuant to the process detailed in subsection 2, the Court cannot presently conclude that substituted service is necessary.

The Court does find, however, that good cause exists to allow Plaintiff additional time to serve Defendant. The Court will therefore grant an extension of the Summons for Defendant by 60 days. If Plaintiff is still unable to properly serve Defendant before the Summons expires, the Court would entertain a properly-supported motion for alternative service.

Accordingly, for all the reasons stated above, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Verification for Alternate Service is **DENIED**.

**IT IS FURTHER ORDERED THAT** the expiration date for the Summons for Defendant shall be extended by 60 days.

**IT IS FURTHER ORDERED THAT** Plaintiff shall serve Defendant with a copy of this Order at the same time it serves Defendant with the Complaint and Summons.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764